IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03425-PAB-MEH

MARK S. ELLIS,

    Plaintiff,

v.

AMANDA RETTING,
XAVIERA TURNER,
KRISTI STANSELL,
KYLE JONES,
JUSTIN ENSINGER, and
DOES 1–50,

    Defendants.

_____

# ORDER
_____

This matter is before the Court on plaintiff's Motion for a Preliminary Injunction [Docket No. 52]. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

## I. BACKGROUND

Plaintiff Mark Ellis is an inmate at the Colorado Territorial Correctional Facility ("CTCF") in Cañon City, Colorado, which is part of the Colorado Department of Corrections ("CDOC"). Docket No. 4 at 6, ¶ 1. On August 26, 2002, Mr. Ellis was convicted of sexual assault of a child. *Id.*, ¶ 3. In May 2021, Mr. Ellis was admitted to the Sex Offender Treatment and Monitoring Program ("SOTMP"). *Id.* at 5. On May 2,

2022, Mr. Ellis was terminated from SOTMP without completing the program's requirements. *Id.* Mr. Ellis's parole application has been "tabled" until Mr. Ellis completes SOTMP. *Id.* at 7, ¶ 20. On December 26, 2023, Mr. Ellis filed suit in this case based on his termination from SOTMP. Docket No. 1 at 5–6.

On January 12, 2024, Mr. Ellis filed an amended complaint in which he brings five claims for relief against five named defendants and fifty Doe defendants. Docket No. 4 at 1, 25–29, ¶¶ 203–55. Each of Mr. Ellis's claims is brought against defendants Amanda Retting, the SOTMP director; Xaviera Turner, a SOTMP therapeutic treatment team member; Kristi Stansell, the supervisor of SOTMP at CTFC; Kyle Jones, the SOTMP coordinator; and Justin Ensinger, a SOTMP therapeutic treatment team member and supervisor. *Id.* at 6–7, ¶¶ 10–14. Mr. Ellis's first claim is for violations of his First Amendment rights. *Id.* at 25. Mr. Ellis alleges that his First Amendment rights were violated because his termination from SOTMP was based on his religious beliefs. *Id.* at 26, ¶ 211. He also alleges that defendants retaliated against him for filing grievances concerning his termination from SOTMP in violation of his free speech rights. *Id.* at 25, ¶ 205. Mr. Ellis's second claim is for violations of his Due Process rights under the Sixth and Fourteenth Amendments based on his termination from SOTMP. *Id.* at 26–27, ¶¶ 214–25. Mr. Ellis's third claim is for violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments based on defendants' alleged deliberate indifference to Mr. Ellis's medical and psychological needs.[1] *Id.* at 27–28, ¶¶ 226–41. Mr. Ellis' fourth claim is for an

---

[1] Mr. Ellis does not identify what these medical and psychological needs are. Docket No. 4 at 27–28, ¶¶ 226–41. However, Mr. Ellis appears to claim that his

alleged civil conspiracy to deprive Mr. Ellis of his rights under the Equal Protection Clause of the Fourteenth Amendment based on defendants "depriving him of SOTMP treatment."  *Id.* at 28–29, ¶¶ 242–48.  Mr. Ellis's fifth claim is for violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), based on defendants' implementation of anti-religious policies that he claims contributed to his termination from SOTMP.  *Id.* at 29, ¶¶ 249–55.  In the amended complaint, Mr. Ellis seeks the following relief: (1) an injunction ordering defendants not to retaliate against Mr. Ellis by moving him to a prison outside the state of Colorado or by placing him in "Administrative Segregation," (2) an order reinstating Mr. Ellis into SOTMP, (3) an order requiring defendants to accept certain parts of Mr. Ellis's "Risk Management Plan" and placing Mr. Ellis on "maintenance status"[2]; (4) an order directing defendants to inform the parole board that Mr. Ellis has completed SOTMP; and (5) compensatory damages, punitive damages, and attorney's fees.  *Id.* at 29–30, ¶ 256.

On October 21, 2024, Mr. Ellis filed his motion for a preliminary injunction.  Docket No. 52.  In his motion, Mr. Ellis alleges that CDOC retaliated against him for filing suit regarding his termination from SOTMP.  *Id.* at 1–2.  Mr. Ellis claims that CDOC employees have retaliated against him in three ways.  *Id* at 3–8, ¶¶ 1–67.  First, Mr. Ellis claims that CDOC employees have retaliated against him by placing him in administrative segregation after he refused a housing assignment.  *Id.* at 3–5, ¶¶ 1–29.  Mr. Ellis alleges that, on July 4, 2024, he was informed that he had been assigned to

---

termination from SOTMP demonstrates deliberate indifference to the medical and psychological needs that were being met by the program.  *Id.*

[2] Mr. Ellis does not identify what "maintenance status" refers to.  The Court assumes that this status refers to Mr. Ellis's participation in SOTMP.

the third level[3] of Cell House One by Sergeant Grooms, a CDOC staff member responsible for housing assignments.  *Id.* at 3, ¶ 3.  Mr. Ellis reminded Sergeant Grooms that he has an accommodation under the Americans with Disabilities Act ("ADA") for a "bottom tier restriction"[4] and that he was assigned a wheelchair.  *Id.*, ¶ 4.  Because Mr. Ellis refused to transfer to the third-level housing assignment, he was placed in a security holding cell.  *Id.* at 4, ¶ 13.  On July 8, 2024, Mr. Ellis was released from segregation and was transferred to the fourth level of Cell House One.  *Id.*, ¶¶ 20–21.  Mr. Ellis claims that he has been forced to use the stairs at Cell House One, despite Mr. Ellis's ADA accommodation, and that using the stairs has exacerbated his pain from a pre-existing condition in his feet and ankles.[5]  *Id.* at 5, ¶¶ 25–26.

Mr. Ellis claims that CDOC employees have also retaliated against him for filing suit by removing Mr. Ellis from the incentive program.[6]  *Id.*, ¶ 30.  On August 15, 2024, Mr. Ellis was informed by Sergeant Mabb, who is responsible for housing assignments

---

[3] Although Mr. Ellis does not identify what the "third level" of Cell House One is, based on the allegations in the motion, the Court assumes that the level refers to the floor of the building to which Mr. Ellis is assigned.

[4] Mr. Ellis does not define this term.  Based on the allegations in the complaint, the Court assumes that a "bottom tier restriction" means that Mr. Ellis had an ADA accommodation such that his housing assignment was restricted to the ground level of the building.  In his reply, Mr. Ellis also suggests that this ADA accommodation includes an accommodation to be assigned to a bottom bunk.  Docket No. 66 at 7.

[5] Mr. Ellis alleges that, on October 2, 2024, he met with Dr. Patterson, an orthopedic surgeon, at which meeting Mr. Ellis "was informed the injuries to Ellis' feet was now permanent."  Docket No. 52 at 5, ¶¶ 28–29.  In his reply, Mr. Ellis states that Dr. Patterson has diagnosed Mr. Ellis with "bilateral foot pain with fallen arches" and that he "appears to have significant posterior tibial tendinitis."  Docket No. 66 at 8.  Mr. Ellis does not explain how using the stairs contributed to their permanency.

[6] Mr. Ellis does not explain what the incentive program is.  Based on the allegations in the motion and defendants' response, the Court understands the incentive program to be a housing program that incentivizes inmates to conform their behavior with a certain standard of conduct.

in Cell House Seven, that he had been removed from the list of offenders approved for living in the incentive program. *Id.* Mr. Ellis states that the decision to remove him from the incentive program was made by the Inmate Classification Committee ("ICC"). *Id.* at 6, ¶ 35. Mr. Ellis alleges, on information and belief, that defendant Ensinger participated in the decision to remove him from the incentive program because Mr. Ensinger is the SOTMP representative to the ICC.[7] *Id.*, ¶¶ 36–37. Mr. Ellis has appealed ICC's decision to remove him from the incentive program, but Mr. Ellis has had no further communications from CDOC regarding a hearing on his appeal. *Id.* at 6–7, ¶¶ 43, 46.

Finally, Mr. Ellis claims that, despite completing the requirements to return to SOTMP, the ICC downgraded Mr. Ellis's subcode from "E" to "D." *Id.* at 7–8, ¶¶ 56–60. In the amended complaint, Mr. Ellis states that there are three relevant subcodes regarding SOTMP; "P" means "pending" and indicates that the inmate is on the waiting list for the program, "E" means "Evaluation," and "D" "indicates that Ellis is not eligible for SOTMP and therefore ineligible for parole." Docket No. 4 at 10, ¶ 51 & nn. 7, 8. In his reply, Mr. Ellis states that "D" means "Does not meet criteria." Docket No. 66 at 5. He claims that Mr. Ensinger participated in the decision to downgrade Mr. Ellis's subcode and that, before the ICC's decision, Mr. Ensinger consulted with defendants Retting, Turner, and Jones. Docket No. 52 at 8, ¶ 61.

Mr. Ellis seeks a preliminary injunction to prohibit:

(a) CDOC and SOTMP staff members from engaging in any further retaliatory acts or actions against Mr. Ellis,

---

[7] It is unclear whether Mr. Ensinger is on the ICC or whether Mr. Ensinger reports on behalf of SOTMP to the committee.

5

    (b) CDOC and SOTMP staff members from placing Mr. Ellis in any adverse housing assignments which violate Mr. Ellis's ADA accommodations,
    (c) CDOC from placing Mr. Ellis in segregation lacking a case of sufficient cause,
    (d) CDOC from subjecting Mr. Ellis to further physical injury or harm,
    (e) CDOC from taking additional detrimental actions with regard to Mr. Ellis's SOTMP status prior to the resolution of the pending lawsuit currently before this Court,
    (f) CDOC from administering disciplinary actions or changes to Mr. Ellis's status without Due Process protections which include a disciplinary hearing, and
    (g) CDOC from moving Mr. Ellis to another prison, either inside or outside of the State of Colorado, where Mr. Ellis would be subject to possible injury or death due to Mr. Ellis's conviction for sexual assault.

See id. at 9–10.

Defendants responded on November 22, 2024. Docket No. 63. Defendants argue that Mr. Ellis's motion is improper because it seeks injunctive relief against individuals not parties to the case. *Id.* at 4. Defendants also assert that each of the alleged acts of retaliation by CDOC resulted from Mr. Ellis's conduct or omissions and CDOC policy and that these acts were not taken in retaliation for Mr. Ellis's lawsuit. *Id.* at 12–13 (e.g. "Inmates who refuse their housing assignments are removed from the Incentive Living Program. Therefore, after Plaintiff refused his housing assignment on July 4, 2024, he was removed from the Incentive Living Program, per the relevant Administrative Regulation." (citations omitted)). Mr. Ellis replied on December 17, 2024.[8] Docket No. 66.

## II. LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer

---

[8] Mr. Ellis's reply violates the Court's practice standards because it exceeds ten pages. Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.A. ("Replies shall not exceed ten pages." (emphasis omitted)).

irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Okla. v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888–89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

## III. ANALYSIS

Mr. Ellis's request for a preliminary injunction is deficient for four reasons, namely, he seeks to enjoin entities that are not parties to the case, he seeks relief unrelated to the claims in the amended complaint, he fails to demonstrate a likelihood of success on the merits, and he fails to show that he is likely to suffer irreparable harm.

First, an injunction can only bind "the parties[,]. . . the parties' officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation" with others bound by the injunction. Fed. R. Civ. P. 65(d)(2)(A)–(C). Mr. Ellis's complaint names five CDOC employees who work in SOTMP. Docket No. 4 at 1, 2–4. The complaint does not name CDOC as a defendant and does not name any other SOTMP staff members. Mr. Ellis's motion refers to various other CDOC

7

employees in charge of housing assignments at CTFC, but these individuals are not named in the amended complaint.  Moreover, much of the relief Mr. Ellis seeks, such as an order enjoining CDOC from "placing Ellis in any adverse housing assignments which violate Ellis' ADA accommodations," Docket No. 52 at 9–10, appears to be directed at CDOC employees other than the named SOTMP employees.  Therefore, Mr. Ellis's motion is denied to the extent he seeks to enjoin any individual or entity not named in his amended complaint.  *See* Fed. R. Civ. P. 65(d)(2); *Dobler v. Schwartz*, No. 21-cv-01509-PAB-NRN, 2022 WL 1303066, at *1 (D. Colo. Apr. 29, 2022) (denying motion for preliminary injunction because the individual named in the motion was not a party to the lawsuit).  Even if the Court found a basis to grant injunctive relief in favor of Mr. Ellis, that relief would not bind CDOC or its employees, other than defendants Retting, Turner, Stansell, Jones, and Ensinger.

However, the Court construes Mr. Ellis's motion liberally.  *Hall*, 935 F.2d at 1110.  Given that Mr. Ellis references the fact that Mr. Ensinger participated in the decisions of the ICC, that Mr. Ensinger consulted with Ms. Retting, Ms. Turner, and Mr. Jones, and that these individuals are SOTMP employees, Mr. Ellis's motion appears to seek injunctive relief against defendants named in the amended complaint.  Therefore, the Court will consider whether the conduct Mr. Ellis attributes to the ICC relates to Mr. Ellis's claims in the amended complaint.

In order to obtain a preliminary injunction, the moving party "must establish 'a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'"  *Little*, 607 F.3d at 1251 (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Ala. v. United States Army Corps of Engineers*, 424 F.3d

8

1117, 1134 (11th Cir. 2005) ("[I]njunctive relief must relate in some fashion to the relief requested in the complaint."). "When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction." *Means v. Lambert*, 2008 WL 483606, at *1 (W.D. Okla. Feb. 20, 2008). The amended complaint alleges that the defendants violated Mr. Ellis's constitutional rights by terminating him from SOTMP. Docket No. 4 at 1, 25–29, ¶¶ 203–55. It does not allege that Mr. Ellis was improperly put in administrative segregation, had a housing assignment inconsistent with an accommodation under the ADA, or was removed from a housing incentive program. Thus, the injuries described in Mr. Ellis's motion regarding the first two allegedly retaliatory acts are unrelated to the conduct described in the complaint. *See Escobar v. Jones*, No. 09-cv-02207-CMA-KLM, 2011 WL 1642429, at *6 (D. Colo. Jan. 10, 2011), *report and recommendation adopted*, 2011 WL 1642378 (D. Colo. Apr. 29, 2011) (citing *Devose,* 42 F.3d at 471 (noting that the Tenth Circuit has affirmed a district court's denial of plaintiff's motion for preliminary injunction where the motion sought an injunction related to alleged retaliatory actions but the underlying complaint brought only Eighth Amendment claims for inadequate medical treatment). As such, Mr. Ellis's motion fails to demonstrate a basis for granting a preliminary injunction due to Mr. Ellis's housing situation, including his removal from the incentive program by the ICC. However, because Mr. Ellis's third alleged act of retaliation regarding downgrading his SOTMP status appears to be related to when and whether Mr. Ellis can return to the program, the Court will consider whether Mr. Ellis has made a sufficient showing on the *RoDa Drilling* factors.

Mr. Ellis's motion fails to establish a likelihood that he will suffer irreparable harm in the absence of preliminary relief or a likelihood of success on the merits.[9]  "Because a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citation omitted).  Courts in this district have held that mere allegations that a prisoner has been retaliated against in the past for filing suit is insufficient to make a showing of probable irreparable harm.[10]  *See Sutton v. Colo. Dep't of Corr. (CDOC)*, No. 17-cv-00605-RM-

---

[9] In his reply, Mr. Ellis asserts that he does not have to make a showing of a substantial likelihood of prevailing on the merits of his claim because he can demonstrate that the other three factors strongly favor an injunction. Docket No. 66 at 3 (citing *Fed. Lands Legal Consortium ex rel. Robart Est. v. United States*, 195 F.3d 1190, 1195 (10th Cir. 1999), *abrogation recognized by Onyx Properties LLC v. Bd. of Cnty. Commissioners of Elbert Cnty.*, 838 F.3d 1039, 1043 (10th Cir. 2016)).  Instead, he claims he must show "that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." *Id.* (quoting *Fed. Lands*, 195 F.3d at 1195; *see also Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1246–47 (10th Cir. 2001) ("If the party seeking the preliminary injunction can establish the last three factors listed above, then the first factor becomes less strict – i.e., instead of showing a substantial likelihood of success, the party need only prove that there are questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." (citation, quotation, and alterations omitted)).  First, for the reasons discussed in this order, the Court finds that Mr. Ellis has failed to show imminent future harm.  Second, even if the Court were to apply his suggested lower standard, Mr. Ellis has not shown he is entitled to a preliminary injunction.  Mr. Ellis has made no showing regarding his constitutional claims. Docket No. 66 at 10–12.  Considering his RLUIPA claim, Mr. Ellis fails to show how his termination from SOTMP imposed a substantial burden on the exercise of his Christian faith and does not identify what questions regarding the merits of his claim he feels are serious, substantial, difficult, and doubtful.

[10] Mr. Ellis makes several arguments for the first time his reply.  *See* Docket No. 66.  The Court finds that Mr. Ellis has waived these arguments by failing to assert them in the motion for a preliminary injunction.  *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("a party waives issues and arguments raised for the first time in a reply

MJW, 2017 WL 1327375, at *2 (D. Colo. Apr. 7, 2017) ("inmate's speculation that he may suffer acts of retaliation, including placement in segregation or a transfer, without more does not establish irreparable harm for purposes of imposing injunctive relief" (citing *Sims v. New*, No. 08-cv-00794-EWN-MEH, 2008 WL 5044554, at *2 (D. Colo. Sept. 2, 2008), *report and recommendation adopted*, 2008 WL 5050075 (D. Colo. Nov. 18, 2008)); *see also Rouse*, 2012 WL 13076193, at *1 ("Plaintiff requests a preliminary injunction to protect him from retaliation.  He alleges that he has been placed in segregation because of his pursuit of claims in this and other lawsuits. . . .  All of Plaintiff's allegations in regards to Defendant relate to *past* injuries.  Plaintiff has therefore not demonstrated the clear risk of imminent future harm needed to satisfy the irreparable harm requirement." (citations omitted)).

Here, Mr. Ellis alleges that he was first informed that his SOTMP status had been downgraded from "E" to "D" on October 11, 2024.  Docket No. 52 at 7, ¶¶ 50–55.  He claims that the change to his SOTMP status occurred in August 2024 and that administrative regulations required Mr. Ellis to be notified of a potential change before the change took effect.  *Id.* at 7–8, ¶¶ 52, 57.  Mr. Ellis argues that, even though he has

---

brief." (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)).  However, even if the Court were to consider his arguments regarding irreparable harm, the Court's analysis would not change.  Mr. Ellis acknowledges that he is seeking injunctive relief based on CDOC's past conduct, which, standing alone, is insufficient to show imminent future harm.  *See* Docket No. 66 at 13 ("Here, the basis of Ellis' preliminary injunction rests almost entirely upon actions which have already occurred."); *Rouse v. Cruz*, 2012 WL 13076193, at *1 (D.N.M. Oct. 18, 2012) ("All of Plaintiff's allegations in regards to Defendant relate to past injuries.  Plaintiff has therefore not demonstrated the clear risk of imminent future harm needed to satisfy the irreparable harm requirement." (citations omitted)).

completed all of the requirements to return to SOTMP, "[d]owngrading the SOTMP sub code has now made Ellis ineligible for parole." *Id.* at 8, ¶ 65.

Defendants respond that Mr. Ellis's claim that

> he is now ineligible for parole based on his SOTMP sub code is inaccurate. Inmates who have the sub code "D" do not meet the SOTMP participation criteria, but follow-up with the inmate is done annually to verify his or her eligibility for SOTMP participation. Therefore, Plaintiff is not permanently ineligible for parole based on his SOTMP sub code.

Docket No. 63 at 13 (citation omitted).

An assumption underlying Mr. Ellis's motion is that, once he completes SOTMP, he will be eligible for and receive parole. Defendants acknowledge that Mr. Ellis's parole eligibility date has passed. *Id.* at 13 n.1. Thus, although defendants argue that Mr. Ellis is not "ineligible," which they define as a designation given to inmates who are more than four years from their parole eligibility date, the effect of Mr. Ellis's downgrade is to prevent him from participating in SOTMP, thereby delaying Mr. Ellis's parole until after his next annual assessment. *Id.* at 13. As such, downgrading Mr. Ellis's subcode may have the effect of denying Mr. Ellis the opportunity to receive parole at the earliest possible date. However, Mr. Ellis provides no support for the proposition that, but for defendants' alleged retaliation, Mr. Ellis would be eligible to participate in SOTMP. Mr. Ellis's claim that he "submits he completed all of the requirements to return to the sex offender program" without more is insufficient to show irreparable harm based on the possibility that Mr. Ellis could more quickly receive parole.[11]  Docket No. 52 at 7, ¶ 56;

---

[11] In his reply, Mr. Ellis claims that the irreparable harm at issue in his motion for a preliminary indication is the harm arising from the violations of his constitutional rights alleged in the amended complaint. Docket No. 66 at 12. He claims when "an alleged constitutional right is involved, most courts hold that no further showing of irreputable injury is necessary." *Id.* (quoting *Kikumura v. Hurley*, 242 F.3d 950, 963 (10th Cir.

12

*see Starr v. Kober*, 2014 WL 1271222, at *4 (W.D. Okla. Mar. 26, 2014) ("Mr. Starr does not allege sufficient facts to infer, much less present evidence to establish, that he will suffer irreparable harm absent an injunction.  That is, although Mr. Starr does allege that he believes he is suffering or may suffer harm from one or more Defendants' alleged conduct, Mr. Starr's allegations are either conclusory or lack necessary factual support to meet the standard for 'irreparable harm.'").

      Moreover, even if the Court were to assume that Mr. Ellis has satisfied his burden of demonstrating irreparable harm, he fails to show a likelihood of success on the merits.  Mr. Ellis's only support for his showing of a likelihood of success on the merits is the statement that he "believes he will eventually succeed in the prosecution of this lawsuit based upon the merits of the case."  Docket No. 52 at 2.  "To demonstrate a likelihood of success on the merits of its claim, a plaintiff is required 'to present a prima facie case showing a reasonable probability that [it] will ultimately be entitled to the relief sought.'"  *Louisiana Mun. Police Employees' Ret. Sys. v. Cont'l Res., Inc.*, 886 F. Supp. 2d 1255, 1262 (W.D. Okla. 2012) (quoting *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.* 320 F.3d 1081, 1100 (10th Cir. 2003)).  Here, Mr. Ellis's motion provides no factual or legal basis to believe that he will likely succeed on his constitutional or RLUIPA claims. [12]  *See Witt v. Colorado*, No. 22-cv-02242-CNS-NRN, 2023 WL

---

2001)).  However, for the reasons discussed above, Mr. Ellis fails to tie his motion for a preliminary injunction to the claims and allegations in his amended complaint.  Moreover, in his reply, the only claim Mr. Ellis addresses is his RLUIPA claim.  *Id.* at 10–11.  In addition to being waived, Mr. Ellis's arguments regarding his RLUIPA claim do not show that a constitutional right is involved in his motion for a preliminary injunction.

      [12] In his reply, Mr. Ellis argues for the first time that he is likely to succeed on his RLUIPA claim.  Docket No. 66 at 10–12.  This argument is waived.  *Gutierrez*, 841 F.3d at 902 (arguments raised for the first time in a reply brief are waived).  However, even if

2539294, at *1 (D. Colo. Mar. 16, 2023) ("Plaintiff cites no authority in support of his argument that he has shown a likelihood of success on the merits of his claims." (citing *Ross v. Texas Educ. Agency*, 2008 WL 4746773, at *7 (S.D. Tex. Oct. 27, 2008) (concluding that plaintiffs failed to demonstrate a likelihood of success on the merits on claims where they "cited no authority and provided no analysis with respect to those claims")). Therefore, even if the Court were to find that Mr. Ellis had made a showing of irreparable harm, the Court would still conclude that Mr. Ellis is not entitled to the injunctive relief he seeks. Therefore, because Mr. Ellis (1) seeks injunctive relief against entities who are not parties to this case, (2) fails to connect the basis for his motion to the allegations in the amended complaint, (3) fails to make a showing of

---

the Court were to consider Mr. Ellis's argument on this point, it would not alter the Court's analysis. First, Mr. Ellis has not made a showing of irreparable harm, and the Court denies his motion for this additional reason. Second, Mr. Ellis has not shown that he is likely to succeed on his RLUIPA claim. Mr. Ellis appears to assert that, because Chief Magistrate Judge Michael Hegarty found that Mr. Ellis had plausibly stated his RLUIPA claim, Mr. Ellis has made a substantial showing of a likelihood of success on the merits. *See* Docket No 66 at 11. In doing so, Mr. Ellis "confuses the standard for determining whether a claim should be dismissed for failure to state a claim with the burden a party seeking injunctive relief bears in demonstrating a likelihood of success on the merits." *Williams v. Mich. Dep't of Corr.*, 2011 WL 1542845, at *1 (W.D. Mich. Apr. 25, 2011) ("[I]t is irrelevant that the [magistrate judge] previously concluded that Plaintiff states a claim for retaliation. As the magistrate judge correctly concluded, Plaintiff failed to demonstrate a strong or substantial likelihood of success on the merits."). Moreover, Mr. Ellis's motion fails to show how his termination from SOTMP "placed considerable pressure on Ellis to violate his sincerely held religious belief that Jesus Christ died on the cross for the sins of humankind." Docket No. 66 at 11. Therefore, he has failed show a likelihood he will be able to "demonstrate he wishes to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1312 (10th Cir. 2010).

irreparable harm, and (4) fails to demonstrate a likelihood of success on the merits, the Court will deny Mr. Ellis's motion for a preliminary injunction.[13]

## IV. CONCLUSION

It is therefore

**ORDERED** that the Motion for a Preliminary Injunction [Docket No. 52] is **DENIED**.

DATED December 19, 2024.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge

---

[13] The Court concludes that it can appropriately resolve the present motion without a hearing. *See Sgaggio v. Weiser,* No. 22-cv-01791-PAB, 2022 WL 3700723, at *4 n.2 (D. Colo. Aug. 26, 2022) (denying preliminary injunction motion without a hearing); *Zeller v. Ventures Tr. 2013-I-NH*, No. 15-cv-01077-PAB-NYW, 2015 WL 4720313, at *5 n.2 (D. Colo. Aug. 10, 2015) (denying preliminary injunction motion without a hearing) (citing *Prosper, Inc. v. Innovative Software Techs*, 188 F. App'x 703, 706 (10th Cir. 2006) (unpublished) (holding that district court did not abuse its discretion in failing to hold a hearing on motion for preliminary injunction); *Reynolds & Reynolds Co. v. Eaves*, 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (table decision) (rejecting argument that court was required to hold evidentiary hearing on motion for preliminary injunction)); *see also* D.C.COLO.LCivR 7.1(h); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").