IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 23-cv-03425-PAB-CYC

MARK S. ELLIS,

    Plaintiff,

v.

AMANDA RETTING,
XAVIERA TURNER,
KRISTI STANSELL,
KYLE JONES,
JUSTIN ENSINGER, and
DOES 1–50,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of Chief United States Magistrate Judge [Docket No. 60]. The chief magistrate judge recommends that the Court grant in part and deny in part defendants' motion to dismiss plaintiff's first amended complaint. *Id.* at 18. Plaintiff Mark Ellis filed objections to the recommendation on December 6, 2024.[1] Docket No. 65. Defendants responded on December 20, 2024.[2] Docket No. 68.

---

[1] Mr. Ellis's filing is titled Plaintiff's Response to Recommended Disposition with Respect to Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6). Docket No. 65 at 1. In his response to the recommendation, Mr. Ellis discusses parts of the recommendation he agrees with, as well as parts he objects to. *See id.* at 1–12. The Court will address only Mr. Ellis's objections.

[2] On November 25, 2024, the Court extended the deadline for defendants to object to the recommendation until December 10, 2024. Docket No. 64. Defendants have not filed an objection to the magistrate judge's recommendation.

## I. BACKGROUND

Plaintiff Mark Ellis is an inmate at the Colorado Territorial Correctional Facility ("CTCF") in Cañon City, Colorado, which is part of the Colorado Department of Corrections ("CDOC"). Docket No. 4 at 6, ¶ 1. On August 26, 2002, Mr. Ellis was convicted of sexual assault on a child. *Id.*, ¶ 3. In May 2021, Mr. Ellis was admitted to the Sex Offender Treatment and Monitoring Program ("SOTMP"). *Id.* at 5. On May 2, 2022, Mr. Ellis was terminated from SOTMP without completing the program's requirements. *Id.* Mr. Ellis's parole application has been "tabled" until Mr. Ellis completes SOTMP. *Id.* at 7, ¶ 20. On December 26, 2023, Mr. Ellis filed suit in this case based on his termination from SOTMP. Docket No. 1 at 5–6.

On January 12, 2024, Mr. Ellis filed an amended complaint in which he brings five claims for relief against five named defendants and fifty Doe defendants. Docket No. 4 at 1, 25–29, ¶¶ 203–55. Each of Mr. Ellis's claims is brought against defendants Amanda Retting, the SOTMP director; Xaviera Turner, a SOTMP therapeutic treatment team member; Kristi Stansell, the supervisor of SOTMP at CTFC; Kyle Jones, the SOTMP coordinator; and Justin Ensinger, a SOTMP therapeutic treatment team member and supervisor. *Id.* at 6–7, ¶¶ 10–14. Mr. Ellis's first claim is for violations of his First Amendment rights. *Id.* at 25. Mr. Ellis alleges that his First Amendment rights were violated because his termination from SOTMP was based on his religious beliefs. *Id.* at 26, ¶ 211. He also alleges that defendants retaliated against him for filing grievances concerning his termination from SOTMP in violation of his free speech rights. *Id.* at 25, ¶ 205. Mr. Ellis's second claim is for violations of his Due Process rights under the Sixth and Fourteenth Amendments based on his termination from

2

SOTMP.  *Id.* at 26–27, ¶¶ 214–25.  Mr. Ellis's third claim is for violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments based on defendants' alleged deliberate indifference to Mr. Ellis's medical and psychological needs.  *Id.* at 27–28, ¶¶ 226–41.  Mr. Ellis's fourth claim alleges a civil conspiracy to deprive Mr. Ellis of his rights under the Equal Protection Clause of the Fourteenth Amendment based on defendants "depriving him of SOTMP treatment."  *Id.* at 28–29, ¶¶ 242–48.  Mr. Ellis's fifth claim is for violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA") based on defendants' implementation of anti-religious policies that he claims contributed to his termination from SOTMP.  *Id.* at 29, ¶¶ 249–55.

In the amended complaint, Mr. Ellis seeks the following relief: (1) an injunction against defendants moving Mr. Ellis to a prison outside the state of Colorado or placing him in "Administrative Segregation," (2) an order reinstating Mr. Ellis in SOTMP, (3) an order requiring defendants to accept certain parts of Mr. Ellis's "Risk Management Plan" and placing Mr. Ellis on "maintenance status"; (4) an order directing defendants to inform the parole board that Mr. Ellis has completed SOTMP; and (5) compensatory damages, punitive damages, and attorney's fees.  *Id.* at 29–30, ¶ 256.

On November 12, 2024, Chief Magistrate Judge Michael Hegarty issued a recommendation that defendants' motion to dismiss be granted in part and denied in part.  Docket No. 60 at 18.  Chief Magistrate Judge Hegarty found that the amended complaint plausibly states Mr. Ellis's first, third, fourth, and fifth claims for relief.  *Id.* at 6–15.  Pursuant to his obligation to construe Mr. Ellis's complaint liberally, Chief Magistrate Judge Hegarty construed Mr. Ellis's second claim as being brought under

the Fifth and Fourteenth Amendments, despite the complaint stating that the claim is brought under the "6th and 14th Amendments." *Id.* at 10 (citing Docket No. 4 at 26). The recommendation finds that Mr. Ellis plausibly states a Due Process claim under the Fifth and Fourteenth Amendments and recommends denying that part of defendants' motion seeking to dismiss Mr. Ellis's second claim. *Id.* at 10–14. However, to the extent that Mr. Ellis does bring a claim under the Sixth Amendment, Chief Magistrate Judge Hegarty recommends that the claim be dismissed. *Id.* at 10 ("I agree with Defendants that 'the Sixth Amendment by its terms applies only to criminal proceedings,' and is therefore inapplicable here." (quoting *Ferguson v. N.M. Corr. Dep't*, 38 F. App'x 561, 563 (10th Cir. 2002) (unpublished)). Because Chief Magistrate Judge Hegarty found that Mr. Ellis has plausibly alleged his constitutional claims, Chief Magistrate Judge Hegarty recommends rejecting defendants' assertion of qualified immunity. *Id.* at 17.

The recommendation considers defendants' arguments regarding the scope of damages Mr. Ellis can recover. *See id.* at 15–17. In the motion to dismiss, defendants argue that, under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), Mr. Ellis must allege physical injury in order to recover compensatory damages. Docket No. 35 at 18. They claim that Mr. Ellis's amended complaint lacks allegations of physical injury and that he cannot recover compensatory damages for the emotional and psychological harm alleged in the complaint. *Id.* at 28–31. Chief Magistrate Judge Hegarty agrees, stating that, although the "PLRA permits recovery of nominal damages, declaratory and injunctive relief, and punitive damages," Docket No. 60 at 16 (citing *Searles v. Van Bebber*, 251 F.3d 869, 881 (10th Cir. 2001); *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803 (10th Cir. 1999)), "to the extent Plaintiff brings a request for

4

compensatory damages, I recommend the Motion be granted to dismiss such requests based on an absence of physical injury as defined by the PLRA." *Id.* (footnote omitted).

Defendants also argue that Mr. Ellis's claims for monetary damages against defendants in their official capacities should be dismissed because Colorado has not waived its sovereign immunity. Docket No. 35 at 31–32. Chief Magistrate Judge Hegarty recommends that Mr. Ellis's claims for monetary damages against defendants in their official capacities be dismissed because such damages are prohibited by the Eleventh Amendment. Docket No. 60 at 16–17.

Mr. Ellis objected to the recommendation on December 6, 2024, Docket No. 65, and defendants responded on December 20, 2024. Docket No. 68.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with her allegations. *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir.

5

2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, a court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of plaintiff's *pro se* status, the Court construes his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

Mr. Ellis makes two objections.  *See* Docket No. 65 at 8–12.  First, Mr. Ellis objects to Chief Magistrate Judge Hegarty's determination that he has failed to allege physical injury to support his recovery of compensatory damages under the PLRA.  *Id.* at 8.  Mr. Ellis states that, although Mr. "Ellis reluctantly agrees that precedent decisions have held that the PLRA prohibits compensatory damages for psychological and emotional harms," Mr. "Ellis continues to assert that he has suffered severe physical injuries as a result of the Defendants' actions and failures to act."  *Id.*  Mr. Ellis does not identify which allegations in the first amended complaint he believes demonstrate that he has suffered severe physical injury.  Reviewing the first amended complaint, the Court agrees with Chief Magistrate Judge Hegarty that the "list of injuries Plaintiff pleads all appear to be physical manifestations of emotional harm."  Docket No. 60 at 15–16 (citing Docket No. 4 at 23, ¶ 194; *Hall v. Elbe*, No. 18-cv-01056-PAB-NRN, 2022 WL 16855691, at *13 (D. Colo. Nov. 9, 2022) ("While plaintiff argues that he suffered 'physical injuries,' he defines such injuries as the physical manifestations of his mental health disorders. . . .  These allegations are insufficient to withstand the 'physical injury' requirement of Section 1997e(e).")); *see also* Docket No. 4 at 23, ¶ 194 ("(a) insomnia; (b) severe headaches").  Mr. Ellis has not shown that Chief Magistrate Judge Hegarty erred in concluding that Mr. Ellis cannot recover compensatory damages under the PLRA.

Mr. Ellis argues that "the PLRA does not prohibit all forms of damages for constitutional violations meted out by Defendants in a[ ]carceral environment" and that Chief Magistrate Judge Hegarty's determination that he cannot recover compensatory

damages should not result in the dismissal of his claims.  Docket No. 65 at 8–10.  Chief Magistrate Judge Hegarty does not recommend dismissing any of Mr. Ellis's claims, and the recommendation notes that Mr. Ellis may seek "nominal damages, declaratory and injunctive relief, and punitive damages."  Docket No. 60 at 16.  Therefore, the Court overrules Mr. Ellis's first objection.

Second, Mr. Ellis objects to Chief Magistrate Judge Hegarty's determination that Mr. Ellis cannot recover monetary damages against defendants in their official capacities.  Docket No. 65 at 10–12.  Mr. Ellis claims that defendants' violations of his constitutional and statutory rights were willful and wanton.  *Id.* at 10.  He contends that, under the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-118(2)(a), defendants' wanton conduct waives sovereign immunity.  *Id.* at 10–11.  Mr. Ellis raises the issue of whether the Colorado Governmental Immunity Act waives sovereign immunity for the first time in his objection.  As such, Mr. Ellis has waived this argument.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Maurer v. Idaho Dep't of Corr.*, 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).  Even if the Court were to consider Mr. Ellis's argument, the Court would overrule the objection.  The Tenth Circuit has held that the Colorado Governmental Immunity Act does not waive the state's Eleventh Amendment immunity in federal court.  *Griess v. State of Colo.*, 841 F.2d 1042, 1044 (10th Cir. 1988) ("we agree with the district court's conclusion that the GIA, particularly Colo. Rev. Stat. §§ 24–10–104 and 106, does not effect a waiver of the state's constitutional immunity to suit in federal court"); *see also Est. of Ceballos v. Husk*, 919 F.3d 1204, 1222 n.7 (10th Cir. 2019)

("this court [has] held that Colorado's enactment of the CGIA immunity provision . . . did not waive the State's Eleventh Amendment immunity from suit in federal court on a federal § 1983 claim"); *Quintana v. Dodge*, 2024 WL 1048959, at *1 (10th Cir. Mar. 11, 2024) (unpublished) (Colo. Rev. Stat. § 24-10-118 protects the state's employees from civil liability for state torts committed in the course of employment).  Therefore, the Court overrules Mr. Ellis's second objection and accepts the recommendation.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Chief United States Magistrate Judge [Docket No. 60] is **ACCEPTED**.  It is further

**ORDERED** that the objections in Plaintiff's Response to Recommended Disposition with Respect to Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 65] are **OVERRULED**.  It is further

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(6) [Docket No. 35] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that claim three is **DISMISSED with prejudice** to the extent claim three asserts a Sixth Amendment violation.  It is further

**ORDERED** that plaintiff's request for compensatory damages is **DENIED**.  It is further

**ORDERED** that plaintiff's request for monetary relief from defendants in their official capacities is **DENIED**.

DATED January 21, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge