IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03425-PAB-CYC

MARK S. ELLIS,

Plaintiff,

v.

AMANDA RETTING,
XAVIERA TURNER,
KRISTI STANELL,
KYLE JONES,
JUSTIN ENSINGER, and
DOES 1-5,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

When a district court denies a motion to dismiss for failure to state a claim, prudence counsels against entertaining the same arguments leveled anew against an amended complaint whose facts and claims have not materially changed. The defendants' motion to dismiss the plaintiff's Second Amended Complaint ("SAC"), ECF No. 129, seeks a proverbial second bite at the apple and, accordingly, the Court recommends that it be **DENIED** without considering those arguments again. The SAC does, in one respect, go beyond its predecessor: it adds additional facts to revive the plaintiff's bid for compensatory damages against the Prison Litigation Reform Act's ("PLRA") ban on such damages absent physical injury. The defendants' argument seeking to preclude that bid therefore warrants consideration on the merits, but because the SAC makes no connection between these physical injuries and the alleged constitutional violations, the Court recommends that this portion of the defendants' motion be **GRANTED**.

**BACKGROUND**

In Colorado, sex offenders are sentenced under the Colorado Sex Offender Lifetime Supervision Act ("SOLSA"), Colo. Rev. Stat. § 18-1.3-1004. Under SOLSA, such offenders "shall be required as a part of the sentence to undergo treatment to the extent appropriate," *id.* § 18-1.3-1004(3), and may be released only after the parole board determines that "the sex offender has successfully progressed in treatment and would not pose an undue threat to the community." *Id.* § 18-1.3-1006(1)(a). According to the Amended Complaint, whose factual allegations the Court accepts as true for these motions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Old Rep. Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 900 (10th Cir. 2017), in 2002, the plaintiff was convicted of a sexual offense and sentenced to fifteen years to life, conditioned on SOLSA's release proviso. ECF No. 125 ¶¶ 3–5. He says that he became eligible for parole in 2008 but was subsequently denied parole became he was not enrolled in the Sex Offender Treatment and Monitoring Program ("SOTMP"). Thirteen years after becoming eligible for parole, in May 2021, he was admitted into SOTMP. *Id.* at 2, ¶¶ 15.

In November 2021, the plaintiff presented his parole application and plan to the Colorado Parole Board, which then "tabled" his application, pending his completion of SOTMP. *Id.* ¶¶ 19, 20. In May 2022, however, the plaintiff received notice that he was being terminated from SOTMP. *Id.* ¶ 22. This termination, he says, is a result of the defendants characterizing his Christian beliefs as "criminal thinking error" and "distorted core belief." *Id.* ¶ 212. The day after receiving notice, the plaintiff was informed that he would not be allowed to call therapists as witnesses, could not have his SOTMP sponsor testify or attend the hearing, and was not allowed to call SOTMP group members as witnesses. *Id.* ¶¶ 26, 27. Two days after being relayed this information, the plaintiff attended the hearing, where he was unable to question his primary therapist because she testified in camera before the hearing was held. *Id.* ¶¶ 28, 32, 73. The

following day he received notice that he was terminated from SOTMP. *Id.* ¶ 34. Having been so terminated, the plaintiff was then denied parole. *Id.* ¶ 37, 38.

After exhausting his grievance procedures, the plaintiff commenced this action pro se. ECF No. 1. He was subsequently ordered to amend his complaint, ECF No. 3, which he did so. ECF No. 4. The defendants then moved to dismiss the first amended complaint, ECF No. 35, which then-Chief Magistrate Judge Michael E. Hegarty recommended granting in part and denying in part. *Ellis v. Retting* ("*Ellis I*"), No. 23-CV-03425-PAB-MEH, 2024 WL 5381418 (D. Colo. Nov. 12, 2024), *recommendation adopted,* 2025 WL 251148 (D. Colo. Jan. 21, 2025). The plaintiff objected to the recommendation. ECF No. 65. The defendants did not, and the district judge adopted the recommendation. 2025 WL 251148, at *4.

After Judge Hegarty's retirement, the undersigned became the assigned magistrate judge. ECF No. 70. The Court appointed pro bono counsel for the plaintiff, ECF No. 77, who appeared, ECF Nos. 103, 104, and moved to amend the plaintiff's complaint. ECF No. 111. The Court granted that motion. ECF No. 114. The SAC, ECF No. 125, asserts the same claims that *Ellis I* left intact from the First Amended Complaint, *see* ECF Nos. 4, 111, 125; *Ellis I*, 2024 WL 5381418, at *9, to wit: violations of (1) the First Amendment; (2) due process rights under the Fifth and Fourteenth Amendments; (3) the Eighth Amendment through deliberate indifference to unconstitutional conditions of confinement; (4) 42 U.S.C. § 1985(3) by conspiring to violate the plaintiff's freedom of religion; and (5) the Religious Land Use and Institutionalized Persons Act. ECF No. 125 ¶¶ 203–255.

This motion followed.

**ANALYSIS**

The defendants move to dismiss the SAC. Most of their arguments have been heard and rejected before. Prudence militates against hearing them again.

## I. Law of the Case Doctrine

The defendants' current motion raises similar arguments to their previous motion to dismiss. *Compare* ECF No. 129 *with* ECF No. 35; *see* ECF No. 132-1. Judge Hegarty already considered those arguments. He largely rejected them in a recommendation for the district judge, who adopted that recommendation without objection from the defendants.

The plaintiff asserts therefore that the law of the case doctrine applies. That doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). Judge Hegarty's decision, he says, ought to continue to govern here.

That is true, though not exactly under the rubric the plaintiff presents. A district court's rulings "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, the defendants say, the law of the case doctrine cannot prohibit revisiting their arguments here. ECF No. 133 at 3.

Technically, they are correct. The "law of the case doctrine has no bearing on the revisiting of interlocutory orders, even when a case has been reassigned from one judge to another." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir. 2011). Thus, "district courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). The law of the case doctrine therefore does not prevent the Court from revisiting Judge Hegarty's decision.

But just because the Court can do so does not mean it should. A district court "in accordance with rule 54(b) . . . is free to reconsider its earlier interlocutory orders by any standard it chooses, but" it "usually should, under the Tenth Circuit's law-of-the-case jurisprudence, decline to reconsider interlocutory orders as much as possible." *United States ex rel. Kuriyan v. HCSC Ins. Servs. Co.*, No. CIV 16-1148 JB/KK, 2021 WL 5998603, at *39 n.17

(D.N.M. Dec. 20, 2021). Thus, "the law of the case doctrine" can be "a persuasive analogue" for deciding whether to revisit interlocutory rulings, even if "it is not directly applicable (or binding)." *Martinez v. CorrHealth, PLLC*, No. 1:22-cv-00288-WJ-SCY, 2024 WL 2975846, at *4 (D.N.M. June 13, 2024). In that vein, "in this district, judges have routinely applied the law of the case to requests to reconsider their own non-final orders." *Lester v. City of Lafayette*, No. 13-CV-01997-CMA-MJW, 2015 WL 13613269, at *3 (D. Colo. Feb. 25, 2015) (collecting cases). And under that doctrine, one of three exceptions must be satisfied to depart from a prior ruling: (1) new and different evidence, (2) intervening controlling authority, or (3) a clearly erroneous prior decision which would work a manifest injustice. *See United States v. Monsisvais*, 946 F.2d 114, 116 (10th Cir. 1991). The defendants never argue, and the Court cannot find that any of those circumstances are present here.

There are additional reasons not to repastinate old ground. Judge Hegarty amply considered the arguments the defendants now seek to have the Court reexamine, *see Ellis I*, 2024 WL 5381418, at *3–9, and the thoroughness of previous consideration weighs against revisiting the ruling. *See Chandhok v. Companion Life Ins. Co.*, 555 F. Supp. 3d 1092, 1117 (D.N.M. 2021). The defendants' arguments reassert all of their old grounds, but "rehash[ing] the same arguments from the first motion . . . essentially asks the Court to grant the movant a mulligan on its earlier failure to present persuasive argument and evidence." *Id.* Moreover, the defendants had an opportunity to make the district judge review Judge Hegarty's recommendation de novo by objecting to it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). They did not avail themselves of the opportunity. There is little to be gained by now giving them another one.

In the end, declining to hear the defendants' reiterated arguments accords with the "sound policy" behind the law-of-the-case doctrine "that when an issue is once litigated and decided,

that should be the end of the matter." *United States v. U.S. Smelting Refining & Min. Co.*, 339 U.S. 186, 198 (1950). Judge Hegarty decided nearly all of the issues presented here. The defendants did not object to his decision in front of the district judge. There is no need now to start the cycle anew.

## II. Compensatory Damages

The plaintiff's request for compensatory damages rests on different grounds. By the plaintiff's own admission, the SAC includes new factual information in support of that request, which the Court previously dismissed. ECF No. 132 at 4. And the plaintiff points to a recent decision on that topic that he contends weighs in his favor. *Id.* at 4–5. Sufficient reason exists, then, not to rely on Judge Hegarty's decision regarding this request for relief and to consider the defendant's bid to dismiss it on its merits under Rule 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." As such, a plaintiff's "failure to state a claim upon which relief can be granted" warrants dismissal. Fed. R. Civ. P. 12(b)(6). A district court faced with a Rule 12(b)(6) motion evaluates whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Instead, a court looks to whether "the plaintiff" has "plead[ed] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, the plaintiff has not done so.

The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "The statute limits

the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

Many of the plaintiff's asserted injuries are mental, from anxiety to symptoms of Post Traumatic Stress Disorder ("PTSD"). ECF No. 125 ¶ 193. Those mental sufferings are not compensable under the PLRA. He also complains of neck and shoulder pain caused by PTSD, lethargy, and malaise, *id.* ¶ 194, but "even if" the "emotional injuries" of PTSD "had a physical impact on Plaintiff's health, physical manifestations of mental and emotional injuries are 'insufficient to withstand the 'physical injury' requirement' of the PLRA." *Bueno v. Chekush*, 355 F. Supp. 3d 987 (D. Colo. 2018) (quoting *Hughes v. Colo. Dep't of Corrs.*, 594 F. Supp. 2d 1226, 1238 (D. Colo. 2009)). Those injuries also cannot serve as the basis for compensatory damages.

That leaves his allegations of severe headaches, lower back pain, joint pain, foot and ankle pain, and skin rash, none of which are obviously attributable to emotional injuries. ECF No. 125 ¶ 194. The PLRA does not define "physical injury." *White v. United States*, No. 21-6007, 2024 WL 3309752, at *6 (10th Cir. July 5, 2024) (citing *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir. 2002)). "In drafting § 1997e(e), Congress failed to specify the type, duration, extent, or cause of 'physical injury' that it intended to serve as a threshold qualification for mental and emotional injury claims. Nor did it define the meaning or limits of 'mental or emotional injury.'" *Id.* As such, a "physical injury" has been interpreted to include "a 'threshold of degree or severity'—specifically, a more-than-*de-minimis*-injury requirement." *Id.* (citing *Johnson v. Reyna*, 57 F.4th 769, 776 (10th Cir. 2023)).

While the plaintiff asserts, in the abstract, multiple physical injuries — including suffering from severe headaches and lower back, joint, foot, and ankle pain — he fails to provide

a connection between those injuries and any alleged constitutional violation. That does not give him an anchor for compensatory damages under the PLRA. *See, e.g.*, *Smith v. Drawbridge*, CIV-16-1135-HE, 2017 WL 9482173, at *8 n.8 (W.D. Okla. Sept. 8, 2017), *report and recommendation adopted*, 2017 WL 4776758 (W.D. Okla. Oct. 23, 2017); *McCoy v. Chatman*, 5:15-CV-175(MTT), 2017 WL 125022, at *2 n.2 (M.D. Ga. Jan. 12, 2017).

The plaintiff protests, relying on *Griffin v. Ortiz*, No. 24-CV-00602-CNS-STV, 2025 WL 1071361, at *11 (D. Colo. Jan. 6, 2025), *recommendation adopted*, 2025 WL 925846 (D. Colo. Mar. 27, 2025). In *Griffin*, however, the plaintiff's injuries could plausibly be linked back to one of the claims — the defendant's action in refusing to allow Griffin access to mental health care and medical treatment for his leg injury. *Id.* at *3, 11. Here, the complaint leaves that link between the plaintiff's injuries and the constitutional claim as a mystery. For instance, the plaintiff alleges that the defendants retaliated against him for exercising his First Amendment right — that is, he was removed from SOTMP because of his religion. ECF No. 125 ¶¶ 203–13. But there is no obvious connection between removal from SOTMP and the myriad physical ailments asserted thereafter, and the plaintiff's complaint sheds no further light on that link. That does not satisfy the PLRA's "physical injury" requirement. Though the plaintiff requests that his claim for compensatory damages move forward to allow for "factual development," ECF No. 132 at 15, without a theory of how the physical injuries stem from the alleged constitutional violation, it is unclear what purpose such development would serve.

Accordingly, the Court recommends that the plaintiff not be permitted to proceed with seeking compensatory damages under the PLRA.

In short, this new motion leaves the parties in the same positions they occupied after the district judge adopted Judge Hegarty's recommendation over a year ago.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendant's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), ECF No. 129, be **DENIED in part** and **GRANTED in part**.[1] The Court recommends that the plaintiff be permitted to continue with Claims 1–5, and that he not be permitted to seek compensatory damages under the PLRA. The parties are **ORDERED** to contact the undersigned's chambers (chung_chambers@cod.uscourts.gov) within seven days of the District Judge's decision on this recommendation to set a Scheduling Conference.

Respectfully submitted this 11th day of August, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.