IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 23-cv-03425-PAB-CYC

MARK S. ELLIS,

Plaintiff,

v.

AMANDA RETTING,
XAVIERA TURNER,
KRISTI STANELL,
KYLE JONES,
JUSTIN ENSINGER, and
DOES 1-5,

Defendants.

---

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 142]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 142 at 9 n.1; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 11, 2026. No party has objected to the Recommendation.[1]

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It

[1] On August 25, 2026, plaintiff filed a response to the Recommendation stating that he does not object to the Recommendation, but states that two factual areas of the Background section may warrant correction or clarification. *See* Docket No. 143.

does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 142] is **ACCEPTED**. It is further

**ORDERED** that defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that plaintiff is not permitted to seek compensatory damages under the PLRA.

DATED August 28, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

[2] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).